IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02568-MEH

TONYA MEIMAN and
PAUL MEIMAN,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INS. CO.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**

    Plaintiffs have filed an Omnibus Motion *In Limine*. ECF 52. Plaintiffs seek to recover the full benefit of their combined UIM policies to compensate Tonya Meiman for the damages she attributes to a motor vehicle accident. The case involves claims for breach of contract, common law bad faith, and statutory unreasonable delay and denial.

**I.**      **Colo. Rev. Stat. §§ 10-3-1115 & 1116**

    Plaintiffs ask that the jury not be instructed concerning the statutorily enhanced damages that would result if Plaintiffs prevail on the claims of unreasonable delay or denial. Plaintiffs cite supporting cases from this District, which are somewhat dated. Defendant cites more recent cases in which the Court did instruct the jury on the enhancement. Defendant gives two reasons for relevance of such an instruction. First, the damages motivated Plaintiffs in filing the lawsuit. Second, public policy supports informing jurors of the consequences of their decisions.

It has always been my intention to advise a jury in the most neutral way possible, and I have routinely rejected instructions that might be viewed as making a jury verdict for either side more or less likely. I will do the same here and follow the decision in *Slavin v. Garrison Prop. & Cas. Ins. Co.*, 805 F. App'x 561, 570 (10th Cir. 2020): "Generally speaking, the federal courts have recognized a policy against informing juries of statutory fee-and-cost-shifting or damages-multiplying provisions on the ground that juries so informed might decrease the damages award or find no liability based not on the evidence but on whether the defendant deserves to be penalized and the plaintiff so rewarded, which would thwart the legislative purposes of the statute." Although that court did not find it to be reversible error when the district court gave the jury an instruction along the lines proposed by Defendant, because, "assuming [the district court] erred, we conclude the error was not prejudicial," *id.* at 571, I will stay away from any potential error when possible.

This part of Plaintiffs' Motion is granted.[1]

## II.     Post-Litigation Conduct

Plaintiffs seek to exclude evidence at trial concerning Defendant's "post-litigation activities." Defendant argues that such a conclusory request, without examples of the type of conduct or activities sought to be excluded, makes it impossible for the Court to issue any type of enforceable ruling. I agree. Plaintiffs are correct that some evidence of post-litigation activity might be admissible for one purpose and inadmissible for another, a proposition with which Defendant does not disagree. Rulings on evidence of this nature must await trial.

This part of Plaintiffs' Motion is denied without prejudice.

---

[1] I am concerned about the parties' failure to cite *Slavin*, which, while not stating a black letter rule, is persuasive, even though not published. *See Slavin,* 805 F. App'x 561 n. 1("This order and judgment . . . may be cited . . . for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.").

### III.     "Failure to Cooperate" and "Subsequent Injury" Affirmative Defenses

Plaintiffs ask that Defendant be prohibited from *arguing* that any particular evidence constitutes either a failure to cooperate or a subsequent injury by Ms. Meiman as a means of supporting affirmative defenses asserted by Defendant. Plaintiffs do not argue that Defendant must be precluded from offering evidence of these types (the former being relevant to the reasonableness of Defendant's actions, the latter to Ms. Meiman's compensable damages). I do not see any issue here. Defendant has acknowledged that it does not have an affirmative defense for failure to cooperate. And, of course, Defendant may put on evidence of all potentially relevant injuries Ms. Meiman has incurred, to permit the jury to distinguish between whatever damage occurred as a result of the accident and damages that are not attributable to it.

This part of Plaintiffs' Motion is denied.

### IV.     Plaintiff's Motive(s) for Filing Suit

Plaintiffs seek to preclude Defendant from using allegedly inflammatory terms such as "greed," "windfall," or similar terms. In its response Defendant does not seek to use these or related terms, but it does assert its right to question Plaintiffs about what Defendant sees as a vastly inflated damages claim relative to medical costs incurred. First, in my jury trials concerning motor vehicle accidents, during *voir dire* both sides inevitably bring up the topic of personal injury lawsuits in order to gauge the venire's personal beliefs. Some of this will be appropriate. Beyond that I will rely on counsel's professionalism and will address any Rule 401 and 403 objections as they are made.

This part of Plaintiffs' Motion is granted to the extent stated above.

V.   **Use of Terms Like "Litigation Lottery," "Jackpot Justice," Rolling the Dice," Etc.**

Plaintiffs seek an order precluding the use of argumentative terms such as those listed in the above heading. Defendant does not separately address this request but included their response in the previous section. My ruling is the same.

This part of Plaintiffs' Motion is granted to the extent stated above.

VI.  **Arguments to Scare the Jury**

The "reptilian theory" counterargument raises its head once again. Plaintiffs seek to prevent the Defendant from making any argument or introducing any evidence that plaintiffs' verdicts in this type of case will increase insurance premiums. Defendant does not ask to admit this type of evidence or make any direct argument of this type, but it does acknowledge that a particular juror might infer this. I will commit to apply the rules of evidence at this trial, and whatever reasonable inferences the jury makes from the admissible evidence is beyond my control. Defendant implies that it might "discuss[] the practical implications of the actions of plaintiffs here which includes the effects upon the insurance industry," Response at 10, but I will limit the evidence and argument to the issues in the case and will faithfully apply Rules 401 and 403. We will not be litigating a referendum on whether personal injury lawsuits or claims against insurance companies are bad or good. They are what they are.

This part of Plaintiffs' Motion is granted to the extent stated above.

VII. **Plaintiffs' Attorneys Might Be Compensated**

Plaintiffs' attorneys seek to preclude evidence of any fees they might receive. Defendant does not intend to address fees but may seek to address delays in providing information that potentially impacted the manner and timing of any insurance payments. I agree with Defendant's

4

position but will caution that I will not permit the evidence to focus on actions or nonactions of counsel except as relevant to the defense of reasonableness.

This part of Plaintiffs' Motion is granted to the extent stated above.

### VIII. Collateral Sources

This part of Plaintiffs' Motion raises the "amounts billed" versus "amounts paid" conundrum. Defendant states it will not admit evidence of Plaintiffs' health insurance benefits unless Plaintiffs open the door. That is good enough for me.

This part of Plaintiffs' Motion is granted to the extent stated above.

In conclusion, Plaintiff's Omnibus Motion In Limine [filed October 24, 2022; ECF 52] is **granted in part and denied in part**.

SO ORDERED.

Entered this 14th day of November, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5