IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02568-MEH

TONYA MEIMAN and
PAUL MEIMAN,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INS. CO.,

    Defendant.

---

### ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**

    Plaintiffs have filed a Motion *In Limine* to Preclude Improper Non-Retained Expert Testimony. ECF 52. In this lawsuit, Plaintiffs seek to recover the full benefit of their combined UIM policies to compensate Tonya Meiman for the damages she attributes to a motor vehicle accident. The case involves claims for breach of contract, common law bad faith, and statutory unreasonable delay and denial. In the current Motion, Defendant seeks to preclude Mrs. Meiman's treating physicians from testifying as to causation or to introduce exhibits that Defendant believes are not properly before the Court. I find the Motion in compliance with my practice standards for the reasons stated in the Defendant's Reply, and that Defendant has not waived its arguments by cross-designating the treating physicians. I will not go through the physicians or their records one by one but will state the principles of law I will apply to the evidence at trial.

    I start with a proposition to which many courts adhere, that if a causation opinion is formed during a treating physician's treatment of a patient purely because of that treatment and not in

reliance on another doctor's causation opinion, an expert report under Rule 26(a)(2)(B) is not required. *E.g.*, *Masa v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-1279-WJM-NRN, 2021 WL 6052622, at *3 (D. Colo. Dec. 21, 2021); *George v. Metro. Prop. & Cas. Ins. Co.*, No. 18-CV-01663-PAB-SKC, 2020 WL 70424, at *6 (D. Colo. Jan. 2, 2020). This is true regardless of whether a lawsuit was contemplated at the time of the treatment. *George*, 2020 WL 79424 at *7. However, a treating "physician may only testify about his opinion regarding causation '"to the limited extent that [the opinion was] a necessary part of a patient's treatment."' *Gayton-Luna v. Target Corp.*, No. 20-CV-01135-KLM, 2021 WL 5182015, at *3 (D. Colo. Aug. 10, 2021). *See Watson v. Dillon Cos., Inc.*, No. 08-CV-00091-WYD-CBS, 2012 WL 2060844, at *3 (D. Colo. June 7, 2012) ("[T]reating physicians have been permitted to testify as to the cause of an injury [when] determining causation is an integral part of providing treatment."). And the non-retained expert "may not testify on any opinions formed based on a subsequent review of another provider's records or any other materials." *Masters v. Safeco Ins. Co. of Am.*, No. 20-CV-00631-PAB-NRN, 2021 WL 4317112, at *14 (D. Colo. Sept. 23, 2021). I do not believe records of actual treatment that contain a causation opinion, if otherwise admissible under the Federal Rules of Evidence, should be excluded solely because they contain that opinion. Nor do I believe that a physician's letter to counsel is inadmissible solely because it was not a treatment note.

Thus, if a physician did not independently make a causation opinion as a necessary part of treatment but only in response to a question from counsel or because litigation is pending or contemplated, or formed an opinion relying on a review of another provider's records, then I do not believe the opinion or the record may be admitted under the authority cited above. If the causation opinion was formed under such circumstances, it is not admissible absent compliance with Rule 26(a)(2)(B). "[W]hen a witness 'opines as to causation, prognosis, or future disability,

2

the physician is going beyond what he saw and did and why he did it . . . and [is] giving an opinion formed because there is a lawsuit .' . . . [T]he witness is considered 'retained or employed' under Rule 26(a)(2)(B) and must file a written report accordingly." *Hermann v. Hartford Cas. Ins. Co.*, No. 11-CV-03188-REB-MEH, 2012 WL 5569769, at *3 (D. Colo. Nov. 15, 2012) (citations omitted). In this context, the timing of any letter or record from a physician may be relevant. For example, it is likely that a doctor's responses to questions from counsel during the pendency of this lawsuit will be inadmissible as an inexpensive end-run attempt around the requirements of Rule 26(a)(2)(B).

Plaintiffs argue that some of the opinions at issue here were given to the Defendant while the claim handling process was ongoing. To the extent a treating physician's causation opinion was formed during treatment, and it was given to the insurer as part of the adjusting process, even if not admissible for failure to comply with Rule 26(A)(2)(b) and the authority cited above, it may be admissible on the independent but limited basis of the jury's determination of the reasonableness of the insurer's conduct, because an insurer's claims handling decisions "'must be evaluated based on the information before the insurer at the time of that decision.'" *State Farm Mut. Auto. Ins. Co. v. Reyher*, 266 P.3d 383, 390 (Colo. 2011) (en banc) (citation omitted). *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1147–48 (10th Cir. 2005) ("For purposes of bad faith, the reasonableness of an insurer's conduct is evaluated under the circumstances that existed at the time."). That is true even if the opinion was rendered in response to a question from counsel, if the insurer had that information while making the claims decision.

However, no physician will be permitted, on the witness stand, to render an opinion to the jury on causation unless a report was submitted under Rule 26(a)(2)(B). A treating physician who previously rendered a causation opinion -- during treatment -- that complies with the standards

stated above, and who did not submit a report, may only testify to the historical fact that such an opinion was part of the treatment. The physician may not testify that this is his or her current opinion. Lines like this are necessary to enforce compliance with the Federal Rules.

These are the ground rules I will apply at trial. Thus, Defendant's Motion *In Limine* to Preclude Improper Non-Retained Expert Testimony [filed October 24, 2022; ECF 53] is **granted** to the extent any evidence Plaintiffs may seek to introduce at trial does not comply with this Order.

SO ORDERED.

Entered this 15th day of November, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge